Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 27, 2017

**2017 CO 17**

**No. 13SC480, <u>Zubiate v. People</u>—Plain Error Review—Double Jeopardy—Lesser
Included Offenses.**

In this case, the supreme court addresses (1) whether a defendant may raise his
or her unpreserved double jeopardy claim for the first time on appeal and, if so, what
standard of review applies and (2) whether driving under revocation ("DUR") is a
lesser included offense of aggravated driving after revocation prohibited ("aggravated
DARP").

In <u>Reyna-Abarca v. People</u>, 2017 CO 15, ¶¶ 2–3, ___ P.3d ___, also decided today,
the supreme court (1) concluded that unpreserved double jeopardy claims can be raised
for the first time on appeal and that appellate courts should ordinarily review such
claims for plain error and (2) clarified the applicable test to be employed in determining
whether one offense is a lesser included offense of another.

Applying those rulings here, the supreme court concludes that the division in
<u>Zubiate v. People</u>, 2013 COA 69, ___ P.3d ___, correctly (1) conducted plain error review
of Vanessa Ann Zubiate's unpreserved double jeopardy claim and (2) determined that

DUR is not a lesser included offense of aggravated DARP, although the court's analysis differs somewhat from that of the division.

Accordingly, the court affirms the judgment of the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 17

### Supreme Court Case No. 13SC480
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 11CA1939

### Petitioner:

Vanessa Ann Zubiate,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
February 27, 2017

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Andrea Ruth Gammell, Senior Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
Joseph G. Michaels, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.
**JUSTICE COATS** concurs in the judgment, and **JUSTICE EID** and **JUSTICE BOATRIGHT** join in the concurrence in the judgment.

2

¶1 In this case, we address (1) whether a defendant may raise his or her unpreserved double jeopardy claim for the first time on appeal and, if so, what standard of review applies and (2) whether driving under revocation ("DUR") is a lesser included offense of aggravated driving after revocation prohibited ("aggravated DARP").[1]

¶2 In <u>Reyna-Abarca v. People</u>, 2017 CO 15, ¶¶ 2–3, ___ P.3d ___, also decided today, we (1) concluded that unpreserved double jeopardy claims can be raised for the first time on appeal and that appellate courts should ordinarily review such claims for plain error and (2) clarified the applicable test to be employed in determining whether one offense is a lesser included offense of another. Applying those rulings here, we conclude that the division in <u>Zubiate v. People</u>, 2013 COA 69, ___ P.3d ___, correctly (1) conducted plain error review of Vanessa Ann Zubiate's unpreserved double jeopardy claim and (2) determined that DUR is not a lesser included offense of aggravated DARP, although our analysis differs somewhat from that of the division. Accordingly, we affirm.

---

[1] Specifically, we granted certiorari to review the following issues:

1. Whether the court of appeals erred, and created a split of authority, when it concluded that driving under revocation is not a lesser-included offense of driving after revocation prohibited.

2. What standard of review applies where a defendant claims that a failure to merge a lesser-included offense violates his Fifth Amendment protection against double jeopardy, but failed to raise the issue at trial.

## I. Facts and Procedural History

¶3 The People charged Zubiate with, among other things, aggravated DARP and DUR after a police officer pulled her over for making a turn without signaling. Zubiate did not object to these charges pursuant to Crim. P. 12(b)(2), which provides, as pertinent here, that objections based on defects in the charging document may be raised only by motion and that the failure to present such an objection constitutes a waiver thereof.

¶4 Zubiate pleaded guilty to the DUR offense, and the case proceeded to trial on the remaining charges. The jury deadlocked on two counts, including the aggravated DARP charge, and the court declared a mistrial on those counts. The People re-tried Zubiate on those charges, and a jury ultimately found her guilty of both. At no point prior to or during the subsequent sentencing proceedings did Zubiate contend that her multiplicitous convictions for aggravated DARP and DUR violated her double jeopardy rights under the United States and Colorado Constitutions.

¶5 Zubiate appealed her convictions and argued for the first time that because DUR is a lesser included offense of aggravated DARP, double jeopardy principles required that the DUR conviction merge into the aggravated DARP conviction. The People responded that because Zubiate had not preserved this claim at trial, she could not raise it on appeal. Alternatively, the People contended that because DUR requires proof of an additional element that aggravated DARP does not (namely, a previous alcohol-related offense that triggered the revocation), DUR is not a lesser included offense of aggravated DARP.

4

¶6 In a unanimous, published decision, the court of appeals division rejected the People's contention that Zubiate's failure to raise her double jeopardy claim at trial precluded appellate review. Zubiate, ¶ 38. Instead, the division reviewed for plain error. Id. In evaluating whether DUR is a lesser included offense of aggravated DARP, the division then applied the version of the strict elements test that provided that an offense is included in another offense if establishing the greater offense's statutory elements necessarily establishes all of the lesser offense's elements. Id. at ¶¶ 37, 49–52. In doing so, the division concluded that DUR is not a lesser included offense of aggravated DARP, albeit on grounds different from those advanced by the People. Id. at ¶¶ 46–50. Specifically, the division rejected the People's argument that because DUR required proof that the existing revocation be for a previous alcohol-related offense, while aggravated DARP did not require such proof, Zubiate's convictions did not merge. Id. at ¶¶ 46–47. The division opined that this distinction was inapposite because the provision enhancing Zubiate's DUR sentence for having had her license revoked for an alcohol-related offense was a sentence enhancer and thus was not a substantive element of DUR for purposes of the lesser included offense determination. Id. The division nonetheless concluded that DUR is not a lesser included offense of aggravated DARP because, among other things, "DUR requires proof of an additional fact that DARP does not—namely that a motor vehicle was driven on a highway." Id. at ¶ 50. Accordingly, the division concluded that the two convictions do not merge and affirmed the judgment. Id. at ¶¶ 52–53.

¶7     Zubiate petitioned this court for a writ of certiorari on the issue of whether DUR is a lesser included offense of aggravated DARP. We granted that petition and added as an additional issue the question of whether appellate courts can review unpreserved double jeopardy claims raised for the first time on appeal.

## II.  Analysis

¶8     We first discuss whether defendants may raise unpreserved double jeopardy claims for the first time on appeal. After concluding that they can, we proceed to discuss the merits of Zubiate's claim that DUR is a lesser included offense of aggravated DARP.

### A.  Appellate Review of Unpreserved Double Jeopardy Claims

¶9     The People contend that the court of appeals division erred in reviewing Zubiate's unpreserved double jeopardy claim for plain error. They assert that Zubiate waived that claim when she did not object to any alleged defects in her charging document, as required by Crim. P. 12(b)(2). As we discussed at length in Reyna-Abarca, ¶¶ 38–45, however, Crim. P. 12(b)(2) is inapplicable because (1) prosecutors are permitted to charge in an information multiple claims arising from the same set of facts; (2) a double jeopardy claim does not arise until the defendant is convicted of multiplicitous counts; (3) Crim. P. 12(b)(2) does not require a defendant to file a motion regarding any error that might later flow from the charging document; and (4) no authority supports the People's position that a defendant must "bookmark" a future double jeopardy claim at the pleadings stage. The same reasoning applies here.

¶10    The People further contend that because Zubiate pleaded guilty to DUR, she waived any claims, constitutional or otherwise, related to that plea. We are not persuaded.

¶11    As the People assert, a defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973) (emphasis added); see also Neuhaus v. People, 2012 CO 65, ¶ 8, 289 P.3d 19, 21 ("Generally, a guilty plea precludes review of issues that arose prior to the plea."). This principle is inapplicable here, however, because the alleged double jeopardy violation did not occur until after Zubiate's DUR plea, when she was convicted of aggravated DARP. See People v. Greer, 262 P.3d 920, 929 (Colo. App. 2011) ("[T]he double jeopardy claim ripens only upon conviction of multiple offenses."). We perceive no basis for concluding that in pleading guilty to a purported lesser included offense, Zubiate waived a double jeopardy claim that arose thereafter.

¶12    Accordingly, we reject the People's argument that Zubiate waived her double jeopardy claim, and we instead apply our ruling in Reyna-Abarca, ¶ 2, that unpreserved double jeopardy claims can be raised for the first time on appeal and that appellate courts should ordinarily review such claims for plain error. We thus proceed to the merits of Zubiate's double jeopardy claim.

## B.  Merits of Zubiate's Double Jeopardy Claim

¶13    Zubiate contends that her convictions for DUR and aggravated DARP violated double jeopardy principles because the former is a lesser included offense of the latter.

7

Applying the test for lesser included offenses that we clarified in <u>Reyna-Abarca</u>, ¶ 3, we disagree.

¶14     In <u>Reyna-Abarca</u>, ¶ 3, we reaffirmed that the strict elements test is the appropriate mechanism for determining whether one offense is a lesser included offense of another. Acknowledging that our prior articulations of that test were arguably inconsistent, we clarified that the applicable test is the one articulated by the Supreme Court in <u>Schmuck v. United States</u>, 489 U.S. 705, 716 (1989). <u>See</u> <u>Reyna-Abarca</u>, ¶¶ 3, 54–55, 59–64. Accordingly, we held that an offense is a lesser included of another offense if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense. <u>Id.</u> at ¶ 3.

¶15     Applying this test here, we conclude, as did the court of appeals division, that DUR is not a lesser included offense of aggravated DARP.

¶16     Section 42-2-206(1)(b)(I), C.R.S. (2016), of the traffic code establishes the offense of aggravated DARP that is at issue here and provides:

> A person commits the crime of aggravated driving with a revoked license if he or she is found to be an habitual offender and thereafter operates <u>a motor vehicle</u> in this state while the revocation of the department prohibiting such operation is in effect and, as part of the same criminal episode, also commits any of the [offenses enumerated in this section].

(Emphasis added.)

¶17     Section 42-2-138(1)(d)(I), C.R.S. (2016), of the traffic code establishes the offense of DUR that is at issue here and provides:

8

> A person who drives <u>a motor vehicle or off-highway vehicle</u> upon any highway of this state with knowledge that the person's license or privilege to drive, either as a resident or nonresident, is restrained under section 42-2-126(3), is restrained solely or partially because of a conviction of [certain enumerated offenses], or is restrained in another state solely or partially because of an alcohol-related driving offense is guilty of a misdemeanor.

(Emphasis added.)

¶18 As these statutory elements make clear, DUR (the purported lesser included offense) contains as an element "driving a motor vehicle or off-highway vehicle." In contrast, aggravated DARP (the purported greater offense) contains as an element "operating a motor vehicle."

¶19 The traffic code defines "motor vehicle," in pertinent part, as "any self-propelled vehicle that is designed primarily for travel <u>on the public highways</u>." § 42-1-102(58), C.R.S. (2016) (emphasis added). The traffic code defines "off-highway vehicle" by incorporating the definition contained in section 33-14.5-101(3), C.R.S. (2016). <u>See</u> § 42-1-102(63). That section defines "off-highway vehicle," in pertinent part, as "any self-propelled vehicle which is designed to travel on wheels or tracks in contact with the ground, which is designed primarily for use <u>off of the public highways</u>." § 33-14.5-101(3) (emphasis added).

¶20 Accordingly, the offense of DUR contains more elements than the offense of aggravated DARP (i.e., "motor vehicle or off-highway vehicle," as opposed to just "motor vehicle"). As a result, by definition, DUR is not a subset of aggravated DARP. <u>See</u> <u>subset</u>, <u>Webster's Third New International Dictionary</u> (2002) (defining "subset" as "a set . . . that is itself an element of a larger set").

9

¶21　We thus conclude that DUR is not a lesser included offense of aggravated DARP. As a result, Zubiate's convictions for both offenses did not violate double jeopardy principles, and merger of those convictions was not required.

### III. Conclusion

¶22　For these reasons, we affirm the division's judgment in <u>Zubiate</u>.

**JUSTICE COATS** concurs in the judgment, and **JUSTICE EID** and **JUSTICE BOATRIGHT** join in the concurrence in the judgment.

JUSTICE COATS, concurring in the judgment.

¶23    For the reasons I have given in my separate opinion in <u>Reyna-Abarca v. People</u>, 2017 CO 15, ___ P.3d ___, I do not agree with the majority's articulation of the test for determining whether one offense is a lesser included offense of another.  Because I would nevertheless also find that DUR is not a lesser included offense of DARP according to what I consider to be the correct standard, I concur in the judgment.

I am authorized to state that JUSTICE EID and JUSTICE BOATRIGHT join in this concurrence in the judgment.