Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 11, 2017

**2017 CO 88**

**No. 13SC438, <u>Page v. People</u>—Double Jeopardy—Lesser Included Offenses.**

In this case, the supreme court considers whether unlawful sexual contact is a lesser included offense of sexual assault.  Because establishing the elements of sexual assault by means of penetration necessarily establishes the elements of unlawful sexual contact, the court concludes that unlawful sexual contact is a lesser included offense of sexual assault.  Accordingly, the court reverses the judgment of the court of appeals and remands the case with instructions to vacate the defendant's conviction for unlawful sexual contact.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 88

### Supreme Court Case No. 13SC438

*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 10CA738

#### Petitioner:

Jamey Robert Page,

v.

#### Respondent:

The People of the State of Colorado.

### Judgment Reversed
*en banc*
September 11, 2017

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Jason C. Middleton, Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
Nicole D. Wiggins, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.
**JUSTICE GABRIEL** does not participate.

¶1     We address whether a conviction for unlawful sexual contact involving an at-risk adult merges with a conviction for sexual assault involving an at-risk adult.[1] We conclude that it does. Hence, we reverse the court of appeals' judgment and remand this case to the court of appeals with instructions to return the case to the trial court to vacate the defendant's conviction for unlawful sexual contact.

## I. Facts and Procedural History

¶2     Petitioner Jamey Robert Page entered the home of an eighty-six-year-old woman late at night and sexually assaulted her. During the assault, the victim bit Page's tongue, causing him to bleed on her clothing. A DNA analysis of the victim's blood-stained clothing revealed that a mixture of DNA was present and that Page's DNA was the source of a major component. The People charged Page with several crimes related to the assault.

¶3     As relevant here, the jury found Page guilty of both sexual assault involving an at-risk adult and unlawful sexual contact involving an at-risk adult. The trial court sentenced Page to twenty-four years to life in the custody of the Department of Corrections on the sexual assault charge and eighteen months concurrently on the unlawful sexual contact charge.[2]

---

[1] We granted certiorari to review the following issue: "Whether the conviction for unlawful sexual contact involving an at-risk adult merges into the conviction for sexual assault involving an at-risk adult and must be vacated."

[2] The jury also found Page guilty of third-degree assault against an at-risk adult, first-degree burglary, and attempted sexual assault against an at-risk adult. The trial court merged the attempted sexual assault conviction into the sexual assault conviction. Page's sentences for the third-degree assault and first-degree burglary run concurrently to his twenty-four-year sentence for sexual assault.

¶4 Page appealed his convictions to the court of appeals and argued, in part, that unlawful sexual contact is a lesser included offense of sexual assault, meaning his convictions must merge. The court of appeals disagreed, relying on another division's decision in People v. Loyas, 259 P.3d 505 (Colo. App. 2010). People v. Page, No. 10CA0738 (Colo. App. May 2, 2013). The Loyas court reasoned that unlawful sexual contact requires proof that the defendant acted with a sexual purpose, while sexual assault committed by means of penetration has no such requirement. 259 P.3d at 509–10. The division below applied Loyas and concluded on this basis that sexual contact is not a lesser included offense of sexual assault when sexual assault is committed by means of penetration and, therefore, that Page's convictions for the offenses do not merge. Page, slip op. at 37.

¶5 We granted certiorari to consider whether convictions for unlawful sexual contact and sexual assault based on the same conduct merge. We now reverse.

## II. Standard of Review

¶6 Whether convictions for different offenses merge is a question of law that we review de novo. E.g., People v. Torres, 224 P.3d 268, 275 (Colo. App. 2009).

## III. Analysis

¶7 We first lay out the law related to constitutional and statutory double-jeopardy protections, merger, and lesser included offenses. We then outline the elements of Page's two convictions to analyze whether they must merge. We conclude that the elements of unlawful sexual contact are a subset of the elements of sexual assault, meaning the two convictions must merge.

3

## A. Law

¶8    The United States and Colorado Constitutions protect individuals from multiple punishments for the same offense. Reyna-Abarca v. People, 2017 CO 15, ¶ 49, 390 P.3d 816, 824 (citing U.S. Const. amends. V, XIV and Colo. Const. art. II, § 18). Constitutional double-jeopardy protections preclude the imposition of multiple punishments when the General Assembly has not "conferred specific authorization for multiple punishments." Woellhaf v. People, 105 P.3d 209, 214 (Colo. 2005).

¶9    As relevant here, our legislature has determined a defendant may not be convicted of two offenses for the same conduct if the lesser offense is included in the greater. § 18-1-408(1)(a), C.R.S. (2017). We apply Reyna-Abarca's statutory elements test to determine whether an offense is a lesser included offense of another for the purposes of section 18-1-408(5)(a).[3] Reyna-Abarca, ¶¶ 51–53, 64, 390 P.3d at 824, 826. The statutory elements test provides that, "an offense is a lesser included offense of another offense if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense." Id. at ¶ 64, 390 P.3d at 826. A conviction for an offense that is a lesser included offense of a greater offense must merge into the conviction for the greater offense. See id. at ¶ 81, 390 P.3d at 828. We examine our two most recent cases applying the statutory elements test, Reyna-Abarca

---

[3] Page argues that subsections 18-1-408(5)(a) and (5)(c) both require that his convictions merge. Because we conclude that his convictions merge under subsection (5)(a), we need not reach the question of whether the convictions merge under (5)(c).

4

and People v. Rock, 2017 CO 84, __ P.3d __, before applying the test to the offenses at issue here.

¶10    Under the statutory elements test, a lesser offense is included in the greater offense when there are multiple ways to commit the greater and proof of the commission of at least one of which necessarily proves commission of the lesser. For example, in Reyna-Abarca, we concluded that DUI is a lesser included offense of vehicular assault-DUI and vehicular homicide-DUI despite the fact that DUI can only be established by showing that the defendant drove a vehicle "designed primarily for travel on the public highways" while vehicular assault-DUI and vehicular homicide-DUI can be established by showing that the defendant drove a "self-propelled device by which persons or property may be moved, carried or transported from one place to another by land, water, or air." Id. at ¶¶ 77–78, 390 P.3d at 827. Although the greater offenses in Reyna-Abarca (vehicular assault-DUI and vehicular homicide-DUI) could be established by means that would not necessarily establish commission of the lesser offense (DUI), we concluded that the lesser offense was included in, and therefore merged into, the greater offenses because the elements of the lesser offense are a subset of the elements of the greater offenses. Id.

¶11    An offense can also be included in another under the statutory elements test when there are multiple ways to commit the lesser, not all of which are included within the greater. In Rock, we clarified that, "[i]n order to be included, every alternative way of committing a lesser offense, only one of which is 'required,' therefore need not be 'contained' in the statutory definition of the greater offense." Rock, ¶ 16. In that case,

5

we concluded that second degree criminal trespass, which can be established by demonstrating that the defendant unlawfully entered the enclosed premises of another, is a lesser included offense of second degree burglary, which requires that the defendant unlawfully entered the building or occupied structure of another. Id. at ¶ 20. We acknowledged that second degree criminal trespass can be committed in ways that are not included within the elements of burglary because enclosed "premises" is broader than "building or occupied structure." Id. But we also concluded that the required elements of second degree criminal trespass are within the elements of second degree burglary, and thus second degree criminal trespass is a lesser included offense of second degree burglary. See id. In so concluding, we explained that the corollary to Reyna-Abarca's subset analysis is the proposition that if establishing the elements of the greater offense necessarily establishes the elements of the lesser, then the lesser offense is included in the greater. See id. at ¶ 16.

¶12 Having reviewed our previous cases applying the statutory elements test, we now consider whether Page's two convictions must merge under this test.

## B. Application

¶13 Page was convicted of both unlawful sexual contact and sexual assault. Page argues that his convictions must merge because unlawful sexual contact is a lesser included offense of sexual assault. The People counter that unlawful sexual contact is not a lesser included offense of sexual assault because unlawful sexual contact requires proof of elements that sexual assault does not. Because under the statutory elements test a lesser offense is included in a greater if establishing the commission of the greater

6

necessarily establishes commission of the lesser, we address these arguments by analyzing whether establishing the elements of sexual assault necessarily establishes the elements of unlawful sexual contact. We begin by examining the elements of both crimes.

¶14 As relevant in this case, a defendant commits the lesser offense of unlawful sexual contact when he knowingly touches "the victim's intimate parts" with "the purposes of sexual arousal, gratification, or abuse," § 18-3-401(4), C.R.S. (2017), and "knows that the victim does not consent," § 18-3-404(1)(a), C.R.S (2017). Intimate parts are "the external genitalia or the perineum or the anus or the buttocks or the pubes or the breast of any person." § 18-3-401(2). Unlawful sexual contact is a class 1 misdemeanor, § 18-3-404(2)(a), but becomes a class 6 felony when committed against an at-risk person, § 18-6.5-103(7)(c), C.R.S (2017).

¶15 Sexual assault, the greater offense, is a class 4 felony, § 18-3-402(2), C.R.S. (2017), but becomes a class 2 felony when committed against an at-risk adult, § 18-6.5-103(7)(a). A defendant can commit sexual assault by means of either intrusion or penetration. § 18-3-402(1). The parties dispute whether Page committed sexual assault by means of intrusion or penetration. We need not decide by which means Page committed sexual assault, however, because in analyzing whether two convictions merge we must look to the elements of the offense as statutorily defined, rather than as alleged in the charging document or as established at trial. See Reyna-Abarca, ¶¶ 52–53, 390 P.3d at 824. Therefore, unlawful sexual contact is a lesser included offense of sexual assault if its elements are a subset of sexual assault by means of either

7

penetration or intrusion. Because the parties have briefed only whether unlawful sexual contact is a lesser included offense of sexual assault by means of penetration, and because we ultimately conclude that the elements of unlawful sexual contact are a subset of the elements of sexual assault by means of penetration, we limit our analysis to sexual assault by means of penetration. A defendant commits sexual assault by means of penetration when he "knowingly inflicts . . . sexual penetration on a victim" and "causes submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim's will." § 18-3-402(1)(a). Penetration means "sexual intercourse, cunnilingus, fellatio, analingus, or anal intercourse." § 18-3-401(6).

¶16    We now assess whether establishing the elements of sexual assault necessarily establishes the elements of unlawful sexual contact. Here, the parties agree that both unlawful sexual contact and sexual assault by means of penetration require knowing contact with the victim's intimate parts. The People argue, however, that Page's convictions for the two offenses do not merge because unlawful sexual contact requires proof of two elements that sexual assault by means of penetration does not. Specifically, they assert that, unlike sexual assault by means of penetration, unlawful sexual contact requires (1) that the defendant knew that the victim did not consent and (2) that the contact was for the purposes of sexual arousal, gratification, or abuse. We address each argument in turn.

¶17    First, we reject the People's consent argument. The People correctly point out that, unlike the unlawful sexual contact statute, the sexual assault statute does not

8

explicitly require that the defendant knew that the victim did not consent. Compare § 18-3-404(1)(a) (unlawful sexual contact), with §§ 18-3-402(1)(a), and -401(6) (sexual assault by means of penetration). But the statute does require that the defendant "cause[d] submission of the victim." § 18-3-402(1)(a). By its very nature, such conduct requires the defendant's knowledge that the victim did not consent. We have previously held that when a defendant knowingly causes the victim's submission, the defendant also vitiates the victim's ability to consent, so "an independent showing of the defendant's awareness of nonconsent by the victim is unnecessary." Dunton v. People, 898 P.2d 571, 573 (Colo. 1995). Simply put, a showing that the defendant knowingly caused the victim's submission under the sexual assault statute will necessarily show that the defendant knew that the victim did not consent. Therefore, although the unlawful sexual contact statute expressly requires a showing of nonconsent whereas the sexual assault statute does not, the two offenses are legally indistinguishable regarding consent.

¶18 Second, we reject the People's sexual-purpose argument. The unlawful sexual contact statute expressly requires that the defendant act with a sexual purpose while the sexual assault by means of penetration statute does not. Compare §§ 18-3-404(1)(a), and -401(4) (unlawful sexual contact), with §§ 18-3-402(1)(a), and, -401(6) (sexual assault by means of penetration). Logically, sexual penetration as defined by statute cannot be committed without a sexual purpose. A person cannot engage in sexual intercourse, cunnilingus, fellatio, analingus, or anal intercourse without having the purpose of sexual arousal, gratification, or abuse. Because these acts inherently have a sexual

9

purpose, it would be redundant for the General Assembly to expressly require such a purpose.

¶19 We therefore conclude that establishing the elements of sexual assault by means of penetration necessarily establishes the elements of unlawful sexual contact. In other words, the elements of unlawful sexual contact (knowingly touching the victim's intimate parts with sexual purpose and knowing that the victim does not consent) are a subset of the elements of sexual assault by means of penetration (knowingly inflicting sexual intercourse, cunnilingus, fellatio, analingus, or anal intercourse on the victim and causing the victim's submission). Thus, unlawful sexual contact is a lesser included offense of sexual assault, and when a defendant is convicted of both offenses based on the same conduct the conviction for unlawful sexual contact merges into the conviction for sexual assault. We overrule Loyas to the extent that it held otherwise.

## IV. Conclusion

¶20 For the foregoing reasons, we reverse the court of appeals' judgment and remand this case to the court of appeals with instructions to return the case to the trial court to vacate Page's conviction for unlawful sexual contact.