The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
September 6, 2018

## 2018COA127

**No. 14CA2242 People v. Welborne — Crimes — First Degree
Arson — Criminal Mischief; Criminal Law — Prosecution of
Multiple Counts for Same Act — Lesser Included Offenses**

On remand from the Colorado Supreme Court, a division of

the Colorado Court of Appeals considers whether criminal mischief

is an included offense of first degree arson.  In light of the supreme

court's recent decisions in *People v. Rock*, 2017 CO 84, and *Page v.

People*, 2017 CO 88, the division concludes that criminal mischief is

included in first degree arson where both offenses are based on the

same conduct.  Therefore, the division vacates the defendant's

conviction and sentence for criminal mischief.

COLORADO COURT OF APPEALS                 **2018COA127**

Court of Appeals No. 14CA2242
Larimer County District Court No. 13CR1167
Honorable Julie Kunce Field, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Wesley Welborne,

Defendant-Appellant.

JUDGMENT AFFIRMED IN PART, VACATED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE NAVARRO
Hawthorne and Dunn, JJ., concur

Announced September 6, 2018

Cynthia H. Coffman, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Nicole M. Mooney, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Christopher Wesley Welborne, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree arson, criminal mischief, theft, and attempted theft.  We previously rejected his challenges to his convictions in *People v. Welborne*, 2017 COA 105, *cert. granted in part, judgment vacated, and case remanded*, No. 17SC671 (Colo. June 11, 2018) (unpublished order).  Among other holdings, we concluded that criminal mischief is not an included offense of first degree arson. *Id.* at ¶¶ 50-61.  We relied on the Colorado Supreme Court's ruling in *Reyna-Abarca v. People*, 2017 CO 15.  After our decision, however, the supreme court clarified *Reyna-Abarca* in *People v. Rock*, 2017 CO 84, and *Page v. People*, 2017 CO 88.  The supreme court, without opinion, then vacated our judgment as to the included-offense issue and remanded it to us for reconsideration in light of *Rock* and *Page*.

¶ 2     Upon that reconsideration, we hold that Welborne's criminal mischief conviction is an included offense of his first degree arson conviction because they are based on the same conduct.  Therefore, we vacate the criminal mischief conviction and sentence, remand

1

for the trial court to amend the mittimus accordingly, and otherwise affirm the judgment.[1]

## I. Factual and Procedural History

¶ 3    Because our earlier opinion details the facts and proceedings leading to Welborne's convictions, we will not recite them all. *See Welborne*, ¶¶ 2-14. Suffice it to say that the prosecution charged Welborne and his mother with setting fire to their rented house and then filing false insurance claims based on the fire damage.

¶ 4    The jury convicted him as charged. Both the first degree arson and the criminal mischief convictions were based on his (or his mother's) setting fire to the house. Both were class 3 felonies given the amount of damage. The trial court sentenced Welborne to concurrent prison terms for the arson, criminal mischief, theft, and attempted theft.

## II. Is Criminal Mischief Included in First Degree Arson?

¶ 5    Welborne contends that criminal mischief is an included offense of first degree arson and, therefore, those convictions must

---

[1] The Colorado Supreme Court denied Welborne's petition for writ of certiorari as to all other issues. So, all our other holdings in *People v. Welborne*, 2017 COA 105, remain good law and resolve his other appellate contentions.

2

merge under both statutory and double jeopardy dictates. He finds support in *People v. Abeyta*, 541 P.2d 333 (Colo. App. 1975) (not published pursuant to C.A.R. 35(f)). The *Abeyta* division held that first degree arson includes criminal mischief "because the essential elements of the latter are necessarily proven if the elements of the first are present." *Id.* at 335.

¶ 6    The People concede that *Abeyta* was correct at the time it was decided. But the People argue that the supreme court's decisions announced after Welborne's trial — namely, *Reyna-Abarca, Rock,* and *Page* — changed the landscape and require the opposite conclusion. We disagree. The decisions in *Rock* and *Page* confirm that *Abeyta* was right all along.

### A.    Standard of Review

¶ 7    We review de novo a claim that a conviction violates the constitutional prohibition against double jeopardy. *People v. McMinn*, 2013 COA 94, ¶ 18. Because Welborne did not preserve this issue, we may reverse only if plain error occurred. *Reyna-Abarca*, ¶ 2; *People v. Morales*, 2014 COA 129, ¶¶ 46-47.

## B.    Analysis

### 1.    General Principles

¶ 8    Constitutional double jeopardy protections preclude imposing multiple punishments for the same offense when the General Assembly has not conferred specific authorization for multiple punishments.  *Page*, ¶ 8.  The legislature has determined that, if one offense is included in another offense, a defendant may not be convicted of both.  § 18-1-408(1)(a), C.R.S. 2017.  As pertinent here, one offense is included in another offense charged when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged."  § 18-1-408(5)(a); *Reyna-Abarca*, ¶ 51.  This statute requires a "statutory elements" or "strict elements" test, under which we compare the elements of the statutes rather than the specific evidence used to sustain the charges in a particular case.  *Reyna-Abarca*, ¶ 53.

¶ 9    Under the supreme court's formulation of the statutory elements test in *Reyna-Abarca*, ¶ 64, "an offense is a lesser included offense of another offense if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in

4

the elements of the greater offense." The *Reyna-Abarca* court recognized, however, that "one offense is not a lesser included offense of another if the lesser offense requires an element not required for the greater offense." *Id.* at ¶ 60 (discussing *Schmuck v. United States*, 489 U.S. 705 (1989), from which the *Reyna-Abarca* court fashioned its new test).

¶ 10    In addition, the supreme court in *Reyna-Abarca*, ¶¶ 65-67, disavowed *Meads v. People*, 78 P.3d 290 (Colo. 2003), which had applied the following test: if proof of facts establishing the statutory elements of the greater offense necessarily establishes all the elements of the lesser offense, the lesser offense is included. *See Reyna-Abarca*, ¶ 65. Seemingly eschewing the analysis of *Meads*, the *Reyna-Abarca* court explained that "the result in *Meads* would have been different" under its "clarified version of the strict elements test" (i.e., the subset analysis). *Id.* at ¶ 67; *see also Page*, ¶ 10 ("Although the greater offenses in *Reyna-Abarca* . . . could be established by means that would not necessarily establish commission of the lesser offense . . . , we concluded that the lesser offense was included in, and therefore merged into, the greater offenses because the elements of the lesser offense are a subset of

5

the elements of the greater offenses.").  We applied *Reyna-Abarca* in our earlier decision.  *Welborne*, ¶¶ 57-61.

¶ 11    Shortly thereafter, however, the supreme court revisited the test set forth in *Reyna-Abarca* and revealed a significant "corollary" to its subset analysis: "[I]f establishing the elements of the greater offense necessarily establishes the elements of the lesser, then the lesser offense is included in the greater."  *Page*, ¶ 11 (citing *Rock*, ¶ 16).  The supreme court also disapproved of its reasoning in *Zubiate v. People*, 2017 CO 17, which had been announced simultaneously with *Reyna-Abarca* and applied *Reyna-Abarca*.  *Rock*, ¶ 16 n.4; *see People v. Wambolt*, 2018 COA 88, ¶¶ 58-63 (concluding that *Zubiate* is no longer good law in light of *Rock*).  The upshot of the supreme court's decisions in *Rock* and *Page* is that there are two ways in which an offense may be included in another under section 18-1-408(5)(a) and the double jeopardy clause.

¶ 12    First, "a lesser offense is included in the greater offense when there are multiple ways to commit the greater and proof of the commission of at least one of which necessarily proves commission of the lesser."  *Page*, ¶ 10.  Second, "[a]n offense can also be included in another under the statutory elements test when there

are multiple ways to commit the lesser, not all of which are included within the greater." *Id.* at ¶ 11. "[A]ny set of elements sufficient for commission of that lesser offense that is necessarily established by establishing the statutory elements of a greater offense constitutes an included offense." *Rock,* ¶ 16.

### 2. Offenses At Issue

¶ 13 As charged here, first degree arson requires proof that the defendant (1) knowingly; (2) set fire to, burned, or caused to be burned; (3) any building or occupied structure; (4) of another; (5) without that person's consent. § 18-4-102(1), C.R.S. 2017.

¶ 14 As charged here, criminal mischief requires proof that the defendant (1) knowingly; (2) damaged; (3) the real or personal property; (4) of one or more other persons, including property owned by the defendant jointly with another person or property owned by the defendant in which another person had a possessory or proprietary interest; (5) in the course of a single criminal episode. § 18-4-501(1), C.R.S. 2017; § 18-4-501(1), C.R.S. 2012.[2]

---

[2] The 2017 statute differs somewhat from the 2012 version in effect at the time of Welborne's offenses, but not as to the elements set forth above. The 2017 version restructures and revises the

### 3.    Applying *Rock* and *Page*

¶ 15    Criminal mischief can be committed in multiple ways, not all of which are included in first degree arson.  For instance, if a defendant knowingly damages another person's car, the defendant commits criminal mischief but the conduct does not support the first degree arson offense.  When a defendant knowingly burns another person's building or occupied structure without that person's consent, however, the defendant commits both criminal mischief and first degree arson.

¶ 16    In the latter scenario, criminal mischief is included in first degree arson.  On this point, *Rock* is particularly illuminating.  There, the supreme court held that, when the charges are based on the same conduct, second degree trespass is a lesser included offense of second degree burglary.  *See Rock,* ¶¶ 17-20.  The court explained that a person can commit trespass in multiple ways — only one of which involves unlawfully entering another's building or occupied structure, a requirement of burglary.  Still, the court held that trespass was included in burglary in that case because both

aggregate damage amounts relevant to enhancing criminal mischief from a misdemeanor to a felony.  *See* § 18-4-501(4), C.R.S. 2017.

offenses were based upon the defendant's unlawfully entering another's building or occupied structure. *Id.* at ¶¶ 4, 20. Under parallel analysis, criminal mischief involving damage to another's building or occupied structure is included in first degree arson involving burning the same building or occupied structure.

¶ 17 The People think not, however. In response to our order for supplemental briefs addressing *Rock* and *Page,* the People point out that the criminal mischief statute requires all the acts to occur "in the course of a single criminal episode." § 18-4-501(1), C.R.S. 2017. Because the first degree arson statute does not express this "single criminal episode" element, the People maintain that criminal mischief requires an element that first degree arson does not. Under this theory, then, mischief would not be included in first degree arson. *See Page*, ¶ 13; *Reyna-Abarca*, ¶ 60. The People's position reflects our previous analysis of the issue. *See Welborne*, ¶ 59.[3] The supreme court vacated our decision, however, and ordered us to reconsider it in light of *Rock* and *Page.* Looking to

---

[3] We explained that "[b]ecause we must apply the strict elements test . . . , we are loath to look beyond the elements expressed in the first degree arson statute by theorizing that a 'single criminal episode' element is necessarily implicit in the first degree arson offense." *Welborne*, ¶ 59 n.5.

those cases, we see that *Page* lights the path to a different conclusion.

¶ 18    In *Page*, ¶¶ 15-19, the court held that establishing sexual assault by means of penetration necessarily establishes unlawful sexual contact. The court first noted that the sexual assault statute does not explicitly require that the defendant knew the victim did not consent, unlike the unlawful sexual contact statute. *Id.* at ¶ 17. Yet, the court decided that, because the sexual assault offense requires proof that the defendant caused the victim's submission, the sexual assault offense "*[b]y its very nature*" requires the defendant's knowledge that the victim did not consent. *Id.* (emphasis added). "Therefore, although the unlawful sexual contact statute expressly requires a showing of nonconsent whereas the sexual assault statute does not, the two offenses are legally indistinguishable regarding consent." *Id.*

¶ 19    Additionally, the *Page* court found insignificant that "[t]he unlawful sexual contact statute expressly requires that the defendant act with a sexual purpose while the sexual assault by means of penetration statute does not." *Id.* at ¶ 18. The court decided that "[l]ogically, sexual penetration as defined by statute

10

cannot be committed without a sexual purpose." *Id.* Because the acts constituting penetration pursuant to the statute "*inherently have a sexual purpose,*" the court resolved that "it would be redundant for the General Assembly to expressly require such a purpose." *Id.* (emphasis added).

¶ 20　Applying this approach, we conclude that first degree arson, by its very nature, occurs in a single criminal episode — an element of criminal mischief. "Single criminal episode" means essentially the same thing as "same criminal episode." *People v. Thoro Prods. Co.,* 45 P.3d 737, 745 (Colo. App. 2001), *aff'd,* 70 P.3d 1188 (Colo. 2003). Such an episode includes "acts that are committed simultaneously or close in sequence, occur in the same place or closely related places, and form part of a schematic whole." *Id.* "Acts arising from the same criminal episode include offenses arising from the same conduct of the defendant or offenses connected in such a manner that prosecution of the offenses involves substantially interrelated proof." *Id.*

¶ 21　The People have not identified any set of facts, nor can we conceive of any, in which a single first degree arson would not take place in a single criminal episode. So, the single criminal episode

11

requirement is inherent in the elements of the first degree arson statute. Regarding the single criminal episode requirement, first degree arson and criminal mischief are legally indistinguishable.[4] As a result, establishing the elements of first degree arson necessarily establishes the elements of criminal mischief.

¶ 22 Given all this, where, as here, criminal mischief is founded on the same conduct showing first degree arson, criminal mischief is included in first degree arson. The failure to merge Welborne's criminal mischief conviction into his first degree arson conviction was error. *See Page*, ¶¶ 9, 19. We now consider whether it was plain error. *See People v. Rediger*, 2018 CO 32, ¶ 48 (identifying elements of plain error).

¶ 23 In *Reyna-Abarca*, ¶¶ 81-82, the supreme court opined that, when a defendant's double jeopardy rights are violated for failure to merge a lesser included offense into a greater offense, the error typically constitutes plain error requiring a remedy. Because the

---

[4] The purpose of expressing the single criminal episode requirement in the criminal mischief statute appears to be to define the period over which the amount of the damage caused may be aggregated; that amount sets the felony or misdemeanor level. § 18-4-501(4). There is no need to express this requirement in the first degree arson statute because the offense is always a class 3 felony.

People there "presented no compelling arguments as to why any double jeopardy errors that may have been committed . . . did not rise to the level of plain error," the court concluded that the conviction for the included offense could not stand. *Id.* at ¶¶ 82-83.

¶ 24    In contrast, in *Scott v. People*, 2017 CO 16, ¶¶ 14-18 — announced the same day as *Reyna-Abarca* — the supreme court concluded that the failure to merge the putative lesser included offense into the greater offense was *not* plain error. Unlike in *Reyna-Abarca*, the court in *Scott* discerned a compelling reason why the double jeopardy claim did not show plain error: a division of this court had previously rejected the defendant's precise claim in a decision announced before his trial. *See Scott*, ¶ 18. The *Scott* court explained, "[W]e cannot say that it was obvious error for the trial court to have acted consistently with that [earlier court of appeals] case." *Id.; see also Wambolt*, ¶¶ 55-56, 70-71 (holding that the failure to merge the lesser included offense into the greater offense was not obvious error, and thus not plain error, because at the time of trial there were conflicting appellate decisions on the issue).

¶ 25    This case resembles *Reyna-Abarca* because the People have not presented compelling reasons why the double jeopardy violation here was not plain error.  No appellate decision announced at the time of Welborne's trial had rejected the double jeopardy claim he raises on appeal.  Following *Reyna-Abarca*, therefore, we conclude that the failure to merge the convictions was plain error.

### III.    Conclusion

¶ 26    Welborne's criminal mischief conviction and sentence are vacated.  The judgment is affirmed in all other respects.  We remand for the trial court to amend the mittimus accordingly.

JUDGE HAWTHORNE and JUDGE DUNN concur.