**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-16327 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cv-00082-JCM |
| v. | 2:15-cr-00249-JCM |
| JOSHUA FORBES CALHOUN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 13, 2020[**]
Pasadena, California

Before: WARDLAW and VANDYKE, Circuit Judges, and CHOE-GROVES,[***]
Judge.

Joshua Calhoun appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate his sentence based on ineffective assistance of counsel. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Calhoun pleaded guilty in Colorado state court in 2007 to "Sexual Contact-No Consent" in violation of Colorado Revised Statute § 18-3-404(1)(a). In the proceedings below, Calhoun pleaded guilty to one count of receipt of child pornography under 18 U.S.C. §§ 2252A(a)(2) and (b)(1). As part of his guilty plea, Calhoun conceded that his previous Colorado conviction relates "to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" under the relevant penalty provision, 18 U.S.C. § 2252A(b)(1), which increased the mandatory minimum sentence from five years to fifteen years. Based in part on this concession, the district court sentenced Calhoun to fifteen years in prison and lifetime supervision. In relevant part, Calhoun's 28 U.S.C. § 2255 motion contends that he received ineffective assistance of counsel when his trial attorney failed to argue that his Colorado conviction was not a predicate offense, either because the prior conviction was not a categorical match with the penalty provision or because extenuating circumstances precluded trial counsel from using the prior conviction as a predicate offense.

1. The district court correctly concluded that Calhoun's trial attorney was not ineffective for failing to argue that his Colorado conviction was not a categorical match with 18 U.S.C. § 2252A(b)(1) because this argument is without merit. *United States v. Hill*, 915 F.3d 669, 673 (9th Cir. 2019) (reviewing the

2

denial of a § 2255 motion de novo); *United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015) (reviewing whether a conviction supports a statutory mandatory minimum enhancement de novo). The failure to raise a meritless argument does not constitute ineffective assistance of counsel. *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985).

Under 18 U.S.C. § 2252A(b), the sentencing court must apply an enhanced sentence if, applying the categorical approach, the elements of Calhoun's Colorado conviction match, or at least "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See United States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007) (cleaned up). Because Calhoun was convicted under a divisible statute—one that "comprises multiple, alternative versions of the crime" of unlawful sexual contact, *Descamps v. United States*, 570 U.S. 254, 262 (2013)[1]—we apply the modified categorical approach and look only to Calhoun's specific crime of conviction, *id.* at 263–64.

---

[1] State law and the record of Calhoun's Colorado conviction demonstrate that C.R.S. § 18-3-404 is a divisible statute, and that Calhoun was specifically convicted of violating C.R.S. § 18-3-404(1)(a). *See Mathis v. United States*, 136 S. Ct. 2243, 2249, 2256–57 (2016); *compare, e.g.*, *Page v. People*, 402 P.3d 468, 471 (Colo. 2017) (listing the elements of "unlawful sexual contact" under section 18-3-404(1)(a)), *and* Colo. Jury Instr., Criminal 3-4:20 (same), *with People v. Madden*, 111 P.3d 452, 456 (Colo. 2005) (en banc) (defining "the crime of third degree sexual assault" under § 18-3-404(1.5)), *and* Colo. Jury Instr., Criminal 3-4:26 (setting out the elements of Unlawful Sexual Contact (Under Eighteen) under 18-3-404(1.5)).

The state crime of which Calhoun was convicted, C.R.S. § 18-3-404(1)(a), is defined as the "knowing touching" of the victim's "intimate parts," even if they are covered by clothing, for sexual "arousal, gratification or abuse," without consent, *id.* § 18-3-401(4). The offense categorically qualifies as "sexual abuse" because it prohibits physical contact done for sexual gratification and without consent. *See Sinerius*, 504 F.3d at 740–41 (holding that a similar Montana statute that prohibited knowingly subjecting someone to "any sexual contact without consent" "undeniably proscribe[d]" sexual acts that amounted to an "indecent assault" and, therefore, "sexual abuse").

2. The district court correctly concluded that Calhoun's trial attorney was not ineffective for failing to argue that extenuating circumstances disqualified the use of his Colorado conviction as a predicate offense. *See Boag*, 769 F.2d at 1344. Any argument that Calhoun's prior conviction was too remote in time to qualify as a predicate offense would fail because 18 U.S.C. § 2252A(b)(1) contains no time limit and we have upheld sentence enhancements based on much older convictions. *See United States v. Farmer*, 627 F.3d 416, 417 (9th Cir. 2010) (upholding a sentence enhancement for a prior conviction from 21 years earlier for relating to sexual abuse). We decline to reach Calhoun's remaining arguments because they amount to an improper attempt to collaterally attack his prior state conviction through a § 2255 motion. *See United States v. Daniels*, 195 F.3d 501, 503–04 (9th

4

Cir. 1999).

**AFFIRMED.**