Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 11, 2017

**2017 CO 84**

**No. 14SC699, <u>People v. Rock</u>—Criminal Trials—Crimes.**

The People sought review of the court of appeals' judgment reversing Rock's convictions for second degree burglary and theft. <u>See</u> <u>People v. Rock</u>, No. 11CA1936 (Colo. App. July 3, 2014). The trial court denied Rock's request for an additional, lesser-included-offense instruction on second degree criminal trespass, on the ground that second degree criminal trespass is not an included offense of second degree burglary. The court of appeals reversed, concluding both that the trial court erred in denying Rock's requested instruction and that the error was not harmless with regard to either of Rock's convictions.

The supreme court affirmed the judgment of the court of appeals because the district court erred in denying the defendant her requested instruction on second degree criminal trespass on the ground that it was not a lesser included offense of the charged offense of second degree burglary, and because erroneously denying Rock's requested instruction was not harmless with regard to either of her convictions.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 84

### Supreme Court Case No. 14SC699
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 11CA1936

#### Petitioner:

The People of the State of Colorado,

v.

#### Respondent:

Priscilla Ann Rock.

### Judgment Affirmed
*en banc*
September 11, 2017

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Brock J. Swanson, Assistant Attorney General
 *Denver, Colorado*

**Attorneys for Respondent:**
Douglas K. Wilson, Public Defender
Cory D. Riddle, Deputy Public Defender
 *Denver, Colorado*

**JUSTICE COATS** delivered the Opinion of the Court

¶1 The People sought review of the court of appeals' judgment reversing Rock's convictions for second degree burglary and theft. See People v. Rock, No. 11CA1936 (Colo. App. July 3, 2014). The trial court denied Rock's request for an additional, lesser-included-offense instruction on second degree criminal trespass, on the ground that second degree criminal trespass is not an included offense of second degree burglary. The court of appeals reversed, concluding both that the trial court erred in denying Rock's requested instruction and that the error was not harmless with regard to either of Rock's convictions.

¶2 Because the district court erred in denying the defendant her requested instruction on second degree criminal trespass on the ground that it was not a lesser included offense of the charged offense of second degree burglary, and because erroneously denying Rock's requested instruction was not harmless with regard to either of her convictions, the judgment of the court of appeals is affirmed.

## I.

¶3 Priscilla Rock was charged with one count of second degree burglary, as proscribed at section 18-4-203(1), C.R.S. (2017), and one count of theft, as proscribed at section 18-4-401(1)(a), C.R.S. (2017), both arising from the same incident.[1] She was convicted on both counts and sentenced to concurrent two-year terms of probation.

¶4 The evidence at trial indicated that at some point between May 29 and May 31, 2010, the defendant entered her ex-boyfriend's parents' house through a bedroom

---

[1] The original Felony Complaint/Information also charged the defendant with tampering with physical evidence, but this charge was later dismissed at the prosecution's request.

window and left the home with multiple DVDs, two jackets, a baseball hat, and a laptop computer. The defendant conceded that she entered the house without authorization, but testified that she did so for the purpose of locating a memory card containing digital pictures of her son, whose father is the ex-boyfriend. She further testified that after she failed to locate the memory card in the house, she took the items from the home to hold them as "collateral," without ever intending to permanently keep these items from their owners, in hopes of compelling her ex-boyfriend to deliver the memory card to her later. The prosecution, however, presented evidence that the defendant sold and gave away some of the items.

¶5 The trial court instructed the jury on the elements of second degree burglary and theft, but denied the defendant's request for a lesser-included-offense instruction on second degree criminal trespass. The trial court declined to give the requested instruction both on the grounds that the elements of second degree criminal trespass are not included within the elements of second degree burglary and that the record lacked any rational basis to conclude that the defendant entered any building or structure other than a dwelling. The jury returned guilty verdicts on second degree burglary and theft, and the defendant appealed her convictions.

¶6 The court of appeals reversed both of the defendant's convictions, finding that the trial court erred in denying the defendant's requested instruction and that the error was not harmless with regard to either conviction. Rock, slip op. at 3–7. With regard to the denial of the requested instruction in particular, the intermediate appellate court relied on prior holdings of its own and suggestions by this court to the effect that the

elements of second degree criminal trespass are included within second degree burglary, and therefore that the defendant was entitled to an instruction permitting the jury to convict of the former offense in lieu of the latter. Id.

¶7 We granted the People's petition for a writ of certiorari[2] and issued an opinion on June 5, 2017, reversing the judgment of the court of appeals. We subsequently granted the defendant's petition for rehearing and withdrew that opinion. We now affirm the judgment of the court of appeals.

## II.

## A.

¶8 For various policy reasons related to fairness and compromise verdicts, a criminal defendant in this jurisdiction has long been entitled to have the jury instructed on a lesser offense, whether included in the charged offense or not, as long as there is a rational basis in the evidence to acquit of the charged offense and yet convict of the lesser requested offense. See People v. Aragon, 653 P.2d 715, 720 n.5 (Colo. 1982); People v. Rivera, 525 P.2d 431, 434 (Colo. 1974). Whether the lesser offense is "included" in the charged offense, as that term is defined at section 18-1-408, C.R.S. (2017), for purposes of limiting multiple convictions, however, remains a matter of

---

[2] We granted a writ of certiorari on the following issues:

1. Whether the failure to instruct on a requested lesser-included offense is harmless, where guilty verdicts on both the greater offense and another offense establish that there is no reasonable probability that any error contributed to the defendant's convictions.
2. Whether the failure to instruct on a requested lesser-included offense can require reversal of any conviction other than the greater offense.
3. Whether second-degree trespass is a lesser-included offense of second-degree burglary.

4

some consequence. While the statute bars, for the same conduct of the defendant, conviction of two separate offenses one of which is included in the other, the same cannot necessarily be said of separate offenses neither of which is included in the other. See § 18-1-408(1), (5) (permitting prosecution for each offense established by any conduct of the defendant, but also specifying particular circumstances in which the defendant may not be convicted of more than one such offense). As a consequence, we have in the past characterized a defendant's request to have the jury instructed on a lesser non-included offense as amounting to his consent for an added count. See Rivera, 525 P.2d at 434.

¶9     Because a defendant is considered to have been put on notice that he must defend against any offense included in the charges filed against him, whether the factors required for proof of those charges are more appropriately characterized as elements or as sentencing factors, the prosecution can also be entitled to have the jury instructed that it may convict of certain lesser offenses not separately designated in the charging document. See People v. Garcia, 940 P.2d 357, 361–64 (Colo. 1997) (characterizing our approach to the prosecution's entitlement to present the jury with lesser offenses as closely resembling the "indictment/pleading theory" for determining whether offenses are included).[3] If the prosecution has not requested a lesser offense instruction to which it is entitled, however, it is for the defendant to elect — and in the

---

[3] Whether or not an offense of which the prosecution is entitled to have the jury instructed would technically be "included" for purposes of the statutory elements test embodied in section 18-1-408(1) and (5)(a), we have never suggested that a defendant could be made to suffer any conviction for conduct that was not charged or to suffer conviction for more counts than were charged.

absence of a request by the defendant, it may reasonably be assumed that he has elected — to take his chance on an outright acquittal or conviction of the principal charge rather than to provide the jury with an opportunity to convict of a lesser offense. People v. Romero, 694 P.2d 1256, 1269 (Colo. 1985).

¶10     Unless either the prosecution or the defense requests a lesser-included-offense instruction, the court is therefore not obligated to give one.  Id.  Because requesting an instruction on a lesser offense that would not merge with the charged offense would be tantamount to consenting to a new and additional charge, it clearly involves a tactical or strategic choice of a different order even from requesting a lesser-included-offense instruction.  See Arko v. People, 183 P.3d 555, 558 (Colo. 2008).  Therefore, in the absence of a defense request specifically for a non-included, non-merging offense instruction to which only the defendant would be entitled, giving one would be improper.  See Moore v. People, 925 P.2d 264, 268–69 (Colo. 1996).

¶11     Under the rubric of either judicial merger or double jeopardy, as the latter doctrine was understood before Brown v. Ohio, 432 U.S. 161 (1977), we had made clear that for crimes pre-dating the Colorado Criminal Code, a defendant could not be made to suffer simultaneous convictions for greater and lesser included offenses, see, e.g., People v. Hancock, 525 P.2d 435, 438 (Colo. 1974); People v. Bugarin, 507 P.2d 875, 877 (Colo. 1973), and that the question whether one offense was included in another was to be decided according to the "statutory test," as distinguished from the so-called "evidentiary test," Rivera, 525 P.2d at 433–34.  According to the "statutory test," as we adopted it at that time, "'the greater offense includes a lesser offense when the

6

establishment of the essential elements of the greater necessarily establishes all of the elements required to prove the lesser.'"  Rivera, 525 P.2d at 433 (emphases omitted) (quoting Daniels v. People, 411 P.2d 316, 317 (Colo. 1966)).  Subsequent clarifications of the federal and state double jeopardy clauses, effectively leaving the treatment of simultaneous convictions in the hands of the pertinent legislative body, see Missouri v. Hunter, 459 U.S. 359, 368–69 (1983); People v. Haymaker, 716 P.2d 110, 116–17 (Colo. 1986), and the subsequent enactment of the Colorado Criminal Code, made effective July 1, 1972, caused us to begin addressing the viability of multiple simultaneous convictions in terms of "statutory merger" and the corresponding aspect of double jeopardy dependent upon legislative authorization, but not to abandon our reliance on the "statutory test" altogether.

¶12    While section 18-1-408 now clearly bars conviction of multiple offenses for the same conduct for some reasons other than merely the inclusion of one offense within another, see § 18-1-408(1)(b)–(e), and also clearly defines included offenses in terms "substantially broader than the test for a lesser included offense developed in our cases decided prior to the adoption of the Colorado Criminal Code," People v. Raymer, 662 P.2d 1066, 1069 (Colo. 1983) (finding aggravated robbery to be a lesser included offense of felony murder, according to section 18-1-408(5)(c), on the ground that the former offense differs from the latter offense only by involving a less serious risk of injury), we have nevertheless continued to regard the application of a "strict elements," or "statutory elements," test for "included" offenses to be sanctioned by the General Assembly, see People v. Leske, 957 P.2d 1030, 1036–38 (Colo. 1998) (expressly rejecting

7

an invitation to construe section 18-1-408(5)(a) as shifting the inquiry from a "statutory" to an "evidentiary" test). As we only recently observed, in our opinion in Reyna-Abarca v. People, 2017 CO 15, ¶¶ 54–59, 390 P.3d 816, 824–25, we have, however, not always described the operation of this test in precisely the same terms. In Reyna-Abarca, we therefore clarified both the breadth of the term "offense charged," as contemplated by section 18-1-408(5)(a), and the sense in which a lesser offense must be a "subset" of that offense to be considered "included," within the contemplation of the statutory or strict elements test embodied in section 18-1-408(5)(a). Id. at ¶¶ 51–54, 390 P.3d at 824–26.

¶13    With regard to the former, we made clear that in using the phrase "all the facts required to establish the commission of the offense charged," subsection (5)(a) refers to the elements of the "charged offense" as statutorily defined, rather than only as specifically alleged in the charging document. Id. at ¶¶ 52–53, 390 P.3d at 824. Similarly, with regard to the latter, we made clear that the statutory elements test embodied in subsection (5)(a) contemplates that any offense containing only statutory elements that are logically a subset of the elements of the greater is an "included" offense, whether or not the lesser may be further limited to a specific instance, or specific subset, of the greater. Id. at ¶¶ 60–64, 390 P.3d at 826. In clarifying these matters, however, we acknowledged certain differences with some of our prior analyses. Id. at ¶¶ 54–59, 390 P.3d at 824–25.

¶14    In particular, we distinguished our "unit of prosecution" rationale in Boulies v. People, 770 P.2d 1274 (Colo. 1989), a case that actually involved a pre-Criminal Code

8

felony-murder conviction but in which we opined, by footnote, that the resulting merger of aggravated robbery and felony murder would be similarly required under the Criminal Code. Id. at 1282 n.4; see also People v. Bartowsheski, 661 P.2d 235, 245–46 (Colo. 1983) (finding a merger of felony murder and aggravated robbery as a result of the particular way felony murder had been charged in that case). But see Raymer, 662 P.2d at 1069 (noting the specific charging rationale of Bartowsheski but finding instead a merger of felony murder and aggravated robbery according to section 18-1-408(5)(c), on the ground that the two offenses differed only with regard to risk of injury). More to the issue involved in Reyna-Abarca itself, ¶ 67, 390 P.3d at 827, we acknowledged that our characterization of the statutory elements test as a statutory subset test amounted to a rejection of our holding in Meads v. People, 78 P.3d 290, 294–96 (Colo. 2003), which upheld separate convictions for theft and aggravated motor vehicle theft on the ground that the lesser was limited to a specific instance or application of the greater—that the thing of value required for the greater must have been a motor vehicle to satisfy the elements of the lesser—and therefore required proof of an element not necessarily established by proof of the greater.

¶15     In Reyna-Abarca, we concluded that "an offense is a lesser included offense of another offense if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense." ¶ 3, 390 P.3d at 818. Because we were not confronted with a lesser offense admitting of alternative methods of commission, we had no reason to refine or further explain our use of the word "contains" in that

9

case. Because the case before us today, however, involves the question whether second degree trespass is an included offense of second degree burglary, and because, as a matter of statutory definition, second degree trespass can, but need not always, be committed by unlawfully entering and remaining in a structure that would also satisfy the corresponding structure element of second degree burglary, we are now called upon to do so.

¶16 Corollary to, and therefore consistent with, our primary observation in Reyna-Abarca—that one offense must be considered included in another offense of which its elements are logically a subset—is the proposition that an offense the commission of which is necessarily established by establishing the elements of a greater offense must also be included in that greater offense. To the extent that a lesser offense is statutorily defined in disjunctive terms, effectively providing alternative ways of being committed, any set of elements sufficient for commission of that lesser offense that is necessarily established by establishing the statutory elements of a greater offense constitutes an included offense. Our use of the term "contains" in Reyna-Abarca was intended, and should be understood, in the sense of "necessarily contains," or "requires." In order to be included, every alternative way of committing a lesser offense, only one of which is "required," therefore need not be "contained" in the statutory definition of the greater offense. To be an included offense, it is enough that any particular set of elements sufficient for conviction of that offense be so contained.[4]

---

[4] To the extent our rationale in Zubiate v. People, 2017 CO 17, 390 P.3d 394, does not reflect the limitation that we adopt today, it is disapproved.

10

¶17 Making this distinction express, however, suggests the importance of similarly making express another proposition concerning our use of the term "included" that often remains merely implicit. For purposes of limiting multiple convictions according to section 18-1-408(1) and (5), or "statutory merger," a lesser offense can be "included" in a charged offense only with reference to the charged conduct. In clarifying the relationship between greater and lesser offenses that is necessary for the latter to be "included" in the former according to the statutory elements test embodied in section 18-1-408(5)(a), we did not intend to suggest, and in light of the statutory language itself clearly could not have suggested, that merger of convictions according to subsections 408(1) and (5) is a consequence of the statutory elements of the respective offenses alone. Multiple convictions for two separate offenses the elements of one of which constitute a subset of the elements of the other can clearly stand if the offenses were committed by distinctly different conduct. Separate convictions for even the same offense are permissible if it was committed more than once. See Schneider v. People, 2016 CO 70, ¶ 14, 382 P.3d 835, 839; People v. Abiodun, 111 P.3d 462, 469–70 (Colo. 2005); Quintano v. People, 105 P.3d 585, 591 (Colo. 2005); Woellhof v. People, 105 P.3d 209, 219 (Colo. 2005).

¶18 To the extent we have generally referred to one offense's inclusion in another as a justification for precluding a defendant from suffering judgments of conviction for both, implicit in this proposition has always been the limitation to convictions based on the same conduct. A defendant can therefore be entitled to have the jury instructed that it may convict of an uncharged offense in lieu of, rather than in addition to, a charged

11

offense only for the act or conduct with which the defendant was actually charged—not for other conduct supported by the evidence at trial. Stated otherwise, a defendant can be entitled to an instruction on a lesser included offense only if the act or conduct with which the defendant was charged supports conviction of that offense. And as with all other instructions, a defendant is not entitled to an instruction that misstates the law.

**B.**

¶19    In the case before us today, the defendant moved for an instruction on second degree criminal trespass as a lesser included offense of the charged offense of second degree burglary,[5] and she presented a specific instruction and verdict form making clear that the jury could return guilty verdicts of burglary or trespass, but not both. Whether her requested instruction was properly denied on the ground that second degree criminal trespass was not a lesser included offense of the charged offense of second degree burglary is therefore reduced to the question whether second degree criminal trespass requires for conviction only elements that logically constitute a subset of the statutory elements of second degree burglary or, conversely, whether for conviction, second degree trespass requires some element that is not a subset of the statutory elements of second degree burglary.

---

[5] The defendant would not have thought herself entitled to a lesser-included-offense instruction on <u>first</u> degree criminal trespass because, at least until our holding in <u>Reyna-Abarca</u>, first degree criminal trespass, with its limitation to unlawfully entering or remaining in a particular subset of buildings, that is, a dwelling, was clearly not considered to be a lesser included offense of second degree burglary. <u>See</u> <u>Garcia</u>, 940 P.2d at 362; <u>see also</u> <u>Armintrout v. People</u>, 864 P.2d 576, 579 (Colo. 1996).

¶20     As pertinent here, both offenses proscribe unlawfully entering or remaining in a structure or on property of some kind, but the statutory definitions of the structure or property upon which the defendant must have unlawfully entered or remained in each case are not coterminous. Second degree burglary is committed by, among other things, knowingly entering or remaining unlawfully in a "building or occupied structure," with intent to commit therein a crime against another person or property, § 18-4-203(1), and the term "building" is defined for these purposes in such a way as to include, among other things, a dwelling, see § 18-4-101(1), C.R.S. (2017). By contrast, conviction of second degree criminal trespass is committed by, among various other means of commission, knowingly entering or remaining unlawfully in or upon "the premises of another which are enclosed in a manner designed to exclude intruders or are fenced." § 18-4-503(1)(a), C.R.S. (2017); Bollier v. People, 635 P.2d 543, 546 (Colo. 1981) (imputing the mens rea "knowingly" to second degree criminal trespass). "Premises," for purposes of the second degree trespass statute, are further defined, however, to include "buildings." § 18-4-504.5, C.R.S. (2017). While second degree criminal trespass may be committed in ways other than unlawfully entering or remaining in or upon the premises of another and, in fact, the premises at issue in criminal trespass need not even be a building, much less a dwelling, with reference to the element at issue here the commission of second degree criminal trespass requires no more than knowingly and unlawfully entering or remaining in the dwelling of another, a subset of the statutory elements of second degree burglary.

¶21    As we have clarified the statutory elements test in <u>Reyna-Abarca</u>, the district court therefore erred in declining to give the defendant's requested instruction on the grounds that second degree criminal trespass was not a lesser included offense of the charged offense of second degree burglary.[6]

### III.

¶22    Nor was the error harmless with regard to either of the defendant's convictions. A trial court's erroneous denial of a defendant's request for an instruction on a lesser included offense constitutes trial, rather than structural, error, <u>People v. Roman</u>, 2017 CO 70, ¶¶ 11–12; 398 P.3d 134, 137–38; <u>see also</u> <u>Mata-Medina v. People</u>, 71 P.3d 973, 980 (Colo. 2003), which cannot be disregarded as harmless if it affected a substantial right of the defendant, Crim. P. 52(a).  It is now established that the determination whether a trial error has affected a substantial right of a defendant can only result from a case specific assessment of the likely impact of the error in question on the outcome of the litigation as a whole, <u>People v. Novotny</u>, 2014 CO 18, ¶¶ 14–27, 320 P.3d 1194, 1199–1203, and that an objected-to trial error cannot be classified as harmless if there is a reasonable probability that it contributed to the defendant's conviction, <u>Roman</u>, ¶ 13; <u>Crider v. People</u>, 186 P.3d 39, 42–43 (Colo. 2008).

¶23    Although a determination whether there is a reasonable probability that a particular error prejudicially affected the outcome of a proceeding may not be reducible to a specific formula or set of factors, it clearly implicates consideration of the specific

---

[6] To the extent the defendant's requested instruction may have suffered other shortcomings, they are not before this court on certiorari.

nature of the error in question and the nature of the prejudice or risk of prejudice associated with it.  <u>Roman</u>, ¶ 14 (citing <u>Crider</u>, 186 P.3d at 43).  As we have previously noted, one important reason for entitling a defendant to present the jury with an option to convict of an offense less serious than the one with which he was charged can be to permit the jury to give effect to the defendant's assertion that he committed no more than the lesser offense and avoid forcing the jury to choose between convicting him of an offense it may be unconvinced he committed and acquitting him of an offense to which he has conceded guilt.  <u>Id.</u> at ¶¶ 14–16.

¶24     Where, as here, the defendant conceded committing the elements of the lesser offense of trespass in her testimony at trial and denied committing the greater offense of burglary on the basis of her subjective intent alone, we consider there to be a reasonable probability the jury would not have found her guilty of burglary had it been permitted to find instead that she committed felony trespass.  Our conclusion in this regard remains unaffected by the jury's simultaneous verdict on the charge of theft, which follows inexorably from its choice to convict of burglary rather than acquit of unlawfully entering or remaining in the house altogether.  Where the only disputed issue at trial concerned the defendant's intent to commit theft, it would have been inconsistent of the jury to convict of either burglary or theft without convicting of both.

¶25     Accordingly, we conclude that the trial court's erroneous refusal to instruct the jury on second degree criminal trespass was not harmless.[7]

---

[7] Whether the court of appeals erred in reversing the defendant's convictions and remanding for a new trial without first giving the People an option to instead choose to

**IV.**

¶26    Because the district court erred in denying the defendant her requested instruction on second degree criminal trespass on the ground that it was not a lesser included offense of the charged offense of second degree burglary, and because erroneously denying Rock's requested instruction was not harmless with regard to either of her convictions, the judgment of the court of appeals is affirmed.

---

have a conviction enter for second degree criminal trespass is not within the grant of certiorari.