The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 16, 2020

**2020COA8**

**No. 17CA1056, *People v. Viburg* — Crimes — DUI — Prior Convictions**

A division of the court of appeals disagrees with *People v. Gwinn*, 2018 COA 130, and *People v. Quezado-Caro*, 2019 COA 155, and holds that the prior convictions required to convict a person of felony driving under the influence are elements of the offense and must be proved to a jury beyond a reasonable doubt.

COLORADO COURT OF APPEALS        **2020COA8**

Court of Appeals No. 17CA1056
Jefferson County District Court No. 16CR1633
Honorable Philip J. McNulty, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kevin Wayne Viburg,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE BERGER
Terry and Welling, JJ., concur

Announced January 16, 2020

Philip J. Weiser, Attorney General, Brock J. Swanson, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Meredith E. Osborne, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     We disagree with *People v. Gwinn*, 2018 COA 130, and *People v. Quezado-Caro*, 2019 COA 155, and hold that the prior convictions required to convict a person of felony driving under the influence (DUI) are elements of the offense and must be proved to a jury beyond a reasonable doubt.[1]  Accordingly, we reverse Kevin Wayne Viburg's conviction for felony DUI because his prior convictions were not proved to a jury.

## I.     Relevant Facts and Procedural History

¶ 2     Police arrested Viburg for suspected DUI.  He was charged with felony DUI – fourth or subsequent offense based on the allegation that he had three or more previous convictions for driving while ability impaired (DWAI) or DUI.

¶ 3     Before trial, Viburg moved for a ruling that his alleged prior convictions were elements of the offense that the prosecutor must prove to a jury beyond a reasonable doubt.  The trial court denied the motion, concluding that the prosecutor needed only to prove the prior convictions to the judge by a preponderance of the evidence.

---

[1] The supreme court has granted certiorari on this issue in *Linnebur v. People*, No. 18SC884, 2019 WL 3934483 (Colo. Aug. 19, 2019) (unpublished order).

¶ 4      At trial, a jury convicted Viburg of DUI and careless driving. At a post-trial hearing, the judge found by a preponderance of the evidence that Viburg had three prior convictions for DWAI or DUI. Based on that finding, the court elevated Viburg's misdemeanor DUI conviction to a class 4 felony and sentenced him accordingly.

## II. Prior Convictions Are Elements of Felony DUI

¶ 5      Viburg contends that the trial court violated his constitutional rights by convicting him of a class 4 felony based on its own finding that he had three prior convictions for DUI or DWAI. He asserts that prior convictions are substantive elements of the offense of felony DUI and therefore the prosecutor should have been required to prove the prior convictions to a jury beyond a reasonable doubt. We agree.

¶ 6      We review questions of statutory interpretation de novo. *People v. Griego*, 2018 CO 5, ¶ 25. "Our primary task when construing a statute is to ascertain and give effect to the legislature's intent." *Young v. Brighton Sch. Dist. 27J*, 2014 CO 32, ¶ 11. "We begin with the plain language of the statute, reading the words and phrases in context and construing them according to their common usage." *People v. Ramirez*, 2018 COA 129, ¶ 9. "[I]f

2

the plain language of the statute demonstrates a clear legislative intent, we look no further." *Young*, ¶ 11.

¶ 7      Section 42-4-1301(1)(a), C.R.S. 2019, provides that "[d]riving under the influence is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI . . . or any combination thereof."

¶ 8      A "person is deemed to have a prior conviction for DUI, DUI per se, or DWAI . . . if the person has been convicted [of such crime] under the laws of this state . . . . *The prosecution shall set forth such prior convictions in the indictment or information.*" § 42-4-1301(1)(j) (emphasis added).

¶ 9      "Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." *Jones v. United States*, 526 U.S. 227, 232 (1999). Further, under the Fifth and Sixth Amendments, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum," other than a prior conviction, "must be submitted to a jury, and proved beyond a

reasonable doubt."[2]  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

¶ 10    For the reasons discussed below, we conclude that prior convictions are elements of felony DUI that do more than "increase[] the penalty for the crime."  *Id.*  Therefore, to obtain a conviction for felony DUI, a prosecutor must prove those prior convictions to a jury beyond a reasonable doubt.

### A.    The Plain Language of the Statute Demonstrates that Prior Convictions Are Elements of Felony DUI

¶ 11    The plain language of the felony DUI statute compels the conclusion that the General Assembly intended that prior DUI or DWAI offenses constitute elements of felony DUI.

¶ 12    The statute requires that the alleged prior convictions be pleaded in the indictment or information.  § 42-4-1301(1)(j).  An indictment must state the "essential facts which constitute the offense."  Crim. P. 7(a)(2); *see also* § 16-5-201, C.R.S. 2019.  Similarly, an information is sufficient if "the offense charged is set forth with such degree of certainty that the court may pronounce

---

[2] The Colorado Constitution also guarantees criminal defendants the right to trial by an impartial jury and due process.  Colo. Const. art. II, §§ 23, 25.

judgment upon a conviction." § 16-5-202(1)(d), C.R.S. 2019; Crim. P. 7(b)(2)(III). Taking these provisions together, the indictment or information must describe the elements of the offense and how they are satisfied. In our view, the General Assembly would not have required the prosecutor to plead the prior offenses *in the indictment or information* unless it had intended prior convictions to be elements of the offense.[3]

¶ 13    Divisions of this court in *Quezada-Caro*, ¶ 11, *Gwinn*, ¶ 49, and *People v. Schreiber*, 226 P.3d 1221, 1223 (Colo. App. 2009), on the other hand, have concluded that prior convictions that

---

[3] We recognize that Viburg, as well as the division in *People v. Quezada-Caro*, 2019 COA 155, ¶ 20, place substantial weight on the particular placement of words in different portions of the DUI statute. (The division in *People v. Gwinn*, 2018 COA 130, did not address this point.) We are not persuaded that the specific placement of the critical words in this statute is reasonably informative of legislative intent or that it informs our interpretation of the statute. The lack of probative value is illustrated by the reasonable arguments made by Viburg in this respect and the diametrically opposite, but equally reasonable, points made by the *Quezada-Caro* division. As the United States Supreme Court has observed in a different context, "[t]he 'look' of the statute, then, is not a reliable guide to [legislative] intentions." *Jones v. United States*, 526 U.S. 227, 233 (1999). In any event, in our view that analysis pales in importance to both the express requirement to plead the prior convictions and the effects of converting a misdemeanor into a felony.

transform a misdemeanor into a felony are merely sentence enhancers because (1) a defendant could be convicted of the underlying offense without any proof of the prior convictions and (2) the prior convictions merely increase the defendant's potential punishment. We disagree with these analyses for multiple reasons.

¶ 14 To begin, the fact that prior convictions are not required to prove the "underlying offense" of DUI is not dispositive. In *Jones*, 526 U.S. 227, the Court considered a federal carjacking statute that subjected a convicted defendant to a longer prison sentence if the carjacking resulted in serious bodily injury. The Court held that the serious bodily injury requirement was an element of the offense, although it was not necessary to prove the crime of carjacking. *Id.* at 230-39. Though decided after *Jones*, neither *Blakely v. Washington*, 542 U.S. 296 (2004), nor *Apprendi* alters this analysis.

¶ 15 Moreover, and as discussed in more detail below, transforming a misdemeanor into a felony does far more than simply increase the potential punishment; it changes the very nature of the offense.

### B. The United States and Colorado Constitutions Require Prosecutors to Prove the Prior Convictions to a Jury Because They Are Elements of the Offense

¶ 16 Even if the statutory requirement that the prosecutor plead the prior offenses does not require our construction, the United States and Colorado Constitutions do.

¶ 17 Generally, under *Apprendi*, 530 U.S. at 490, prior convictions do not need to be proved to a jury beyond a reasonable doubt before they can be used to increase the length of a sentence. But "the consequences of converting a misdemeanor to a felony extend far beyond simply increasing the potential length of incarceration." *Schreiber*, 226 P.3d at 1225 (Bernard, J., concurring in part and dissenting in part). Because of the transformative nature of elevating a misdemeanor to a felony, we conclude that under *Apprendi*, when prior convictions transform a misdemeanor DUI into a felony DUI, they are elements of the offense rather than a mere sentence enhancer.

¶ 18 Under the Colorado Constitution, felonies are the only crimes serious enough to merit incarceration in the penitentiary. Colo. Const. art XVIII, § 4; *Schreiber*, 226 P.3d at 1225 (Bernard, J., concurring in part and dissenting in part). "If the penalty is

7

imprisonment in the state penitentiary, it is considered a felony, and if by fine or imprisonment in the county jail, a misdemeanor."

*Echhardt v. People*, 126 Colo. 18, 26, 247 P.2d 673, 677 (1952).

> The penitentiary has long been recognized as the proper place for the incarceration of those convicted of the graver offenses only, while the county jails have been utilized for the confinement of those convicted of minor offenses, and confinement in the penitentiary has always been regarded as more severe than confinement in a county jail, on account of the disgrace and reproach attached to confinement in an institution thus set apart as a place for the incarceration of the more depraved and infamous classes of offenders.

*Brooks v. People*, 14 Colo. 413, 414, 24 P. 553, 553 (1890).

¶ 19    In short, for more than 100 years Colorado courts have recognized that there is a significant difference between incarceration in the penitentiary and incarceration in the county jail. Elevating a sentence from a misdemeanor to a felony affects not only the length of the sentence but also where the sentence is served and subjects the defendant to greater stigma, "disgrace," and "reproach." *Id.*

¶ 20    Furthermore, critical procedural differences separate felonies from misdemeanors.  As Judge (now Chief Judge) Bernard explained in his partial dissent in *Schreiber*, 226 P.3d at 1226,

> [d]efendants charged with misdemeanors are tried by juries of six; defendants charged with felonies are tried by juries of twelve.  § 18-1-406(1), C.R.S. 20[19]; Crim. P. 23(a)(1) & (2).  Defendants charged with misdemeanors may exercise three peremptory challenges; defendants charged with most felonies are entitled to five peremptory challenges.  Crim. P. 24(d)(2).
>
> If the jury is not allowed to consider the defendant's prior convictions as an element of the offense, the jury will only be instructed on the elements of a misdemeanor, and its verdict will only convict the defendant of a misdemeanor.  Thus, if the crime in this case is converted to a felony by court order after a jury convicts a defendant of the misdemeanor, it would appear to me that a defendant facing this charge is only entitled to a six-person jury and three peremptory challenges.  This result seems to avoid the clear direction in statute and court rule that defendants charged with felonies are entitled to have their cases decided by twelve jurors and to exercise five peremptory challenges.

¶ 21    Additionally, defendants in some felony cases are entitled to preliminary hearings, while defendants in misdemeanor cases are not.  § 16-5-301(1)(b)(II), C.R.S. 2019.  Emphasizing the importance

of this right to a preliminary hearing, the supreme court recently held that defendants charged with felony DUI are entitled to a preliminary hearing. *People v. Tafoya*, 2019 CO 13, ¶ 24.

¶ 22 The fact that Viburg's case was tried as a felony does not minimize the importance of these procedural distinctions — transforming a misdemeanor to a felony in Colorado deprives a defendant of the *right* to procedural protections to which the defendant would otherwise be entitled.

¶ 23 Finally, felonies have significant collateral consequences that misdemeanors do not. *Schreiber*, 226 P.3d at 1226 (Bernard, J., concurring in part and dissenting in part). Some of these are that

- A person cannot vote while incarcerated for a felony conviction. Colo. Const. art VII, § 10; § 1-2-103(4), C.R.S. 2019.

- Convicted felons may be prohibited from owning firearms. § 18-12-108(1), C.R.S. 2019.

- Convicted felons may be barred from certain professions. *E.g.,* § 12-20-404(1)(d)(I), C.R.S. 2019 (regulators' general disciplinary authority); § 12-100-120(1)(e), C.R.S. 2019

(accountants); § 44-20-121(3)(c), C.R.S. 2019 (car dealers).

- A felony conviction provides a predicate offense for a habitual criminal designation. § 18-1.3-801, C.R.S. 2019.

- A person who has been convicted of two felonies may not be eligible for probation. § 18-1.3-201(2)(a.5), C.R.S. 2019.

- A felony conviction may be used to impeach a witness's testimony. § 13-90-101, C.R.S. 2019.

¶ 24    "These collateral consequences are not trifling. They affect the exercise of important civil rights; or restrict the ability to earn a living; or expose one to additional penalties in the future; or undermine one's credibility in future proceedings." *Schreiber*, 226 P.3d at 1227 (Bernard, J., concurring in part and dissenting in part).

¶ 25    In sum, the differences between a misdemeanor and a felony are so fundamental that they go far beyond affecting just the length of the sentence imposed and alter the "very nature of [the] crime"

11

itself.  *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1160-61 (9th Cir. 2004).

¶ 26    In *Rodriguez-Gonzales,* the Ninth Circuit considered whether a prior conviction that elevated a misdemeanor conviction for illegally entering the United States into a felony was an element of the felony charge that needed to be pleaded in the indictment, or merely a sentence enhancer that did not.  The court held that "[t]he existence of a prior conviction under 8 U.S.C. § 1325(a) substantively transforms a second conviction under the statute from a misdemeanor to a felony.  *A prior conviction is therefore more than a sentencing factor,* and we conclude that it must be charged explicitly."  *Id.* at 1160 (emphasis added); *see also, e.g., State v. Warbelton,* 759 N.W.2d 557, 562-67 (Wis. 2009) (prior conviction that elevated misdemeanor stalking to felony stalking was a substantive element of the offense).  Transforming a misdemeanor into a felony, the court stated, "affects not merely the defendant's sentence, but the very nature of his crime."  *Rodriguez-Gonzales,* 358 F.3d at 1161.

¶ 27    Courts in other jurisdictions have reached similar conclusions when considering felony DUI statutes.  For instance, the Florida

Supreme Court has held that, to obtain a conviction for felony DUI, the defendant's prior DUI offenses must be proved to a jury because they are considered "'an *element* of felony DUI,' rather than a type of *enhancement* that results in felony DUI." *Johnson v. State*, 994 So. 2d 960, 963 (Fla. 2008) (quoting *State v. Finelli*, 780 So. 2d 31, 33 (Fla. 2001)); *see also, e.g., State v. Goggin*, 339 P.3d 983, 989 (Wash. Ct. App. 2014) (prior convictions are elements of felony DUI). Some other state courts have, however, reached the opposite conclusion. *E.g., State v. Kendall*, 58 P.3d 660, 668 (Kan. 2002); *State v. Palmer*, 189 P.3d 69, 72-77 (Utah Ct. App. 2008).

¶ 28    For these reasons, we conclude that the fact of a prior conviction is an essential element of felony DUI that must be proved to a jury beyond a reasonable doubt.

  C.    The Canon of Constitutional Doubt Supports the Proposition that Prior Convictions Must Be Proved to a Jury

¶ 29    To the extent the analysis above is not dispositive, the constitutional-doubt canon confirms our interpretation. *See United States v. Davis*, 588 U.S. ___, ___ n.6, 139 S. Ct. 2319, 2332 n.6 (2019) (discussing the distinction between the canons of constitutional avoidance and constitutional doubt); *People v.*

13

*Iannicelli*, 2019 CO 80, ¶ 76 n.1 (Samour, J., dissenting) (same). When "a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *Jones*, 526 U.S. at 239 (quoting *United States ex rel. Attorney Gen. v. Del. & Hudson Co.*, 213 U.S. 366, 408 (1909)); *see also State, Dep't of Labor & Emp't v. Esser*, 30 P.3d 189, 194 (Colo. 2001) (same).

¶ 30    Contrary to *Gwinn*, ¶ 54, and as more fully discussed above, decisions from other jurisdictions demonstrate that transforming a misdemeanor to a felony based on prior convictions without proving those convictions to a jury beyond a reasonable doubt raises serious constitutional questions. *Compare Rodriguez-Gonzales*, 358 F.3d at 1159-61 (prior convictions that transform a misdemeanor into a felony are more than sentence enhancers; they are elements of the crime), *and Johnson*, 994 So. 2d at 963 (same), *and Goggin*, 339 P.3d at 989 (same), *and Warbelton*, 759 N.W.2d at 562-67 (same), *with Kendall*, 58 P.3d at 668 (prior convictions that transform a misdemeanor into a felony are merely sentence enhancers), *and Palmer*, 189 P.3d at 72-77 (same).

¶ 31    Accordingly, even if we were to conclude that the statute is ambiguous, we would still conclude that the prior convictions are elements of the offense, in order to avoid these serious constitutional questions.  *Esser*, 30 P.3d at 194.

### III.    Conclusion

¶ 32    For these reasons, we reverse Viburg's felony DUI conviction and remand the case for further proceedings.

JUDGE TERRY and JUDGE WELLING concur.