500 P.3d 1123
In re: The PEOPLE of the State of Colorado, Plaintiff
v.Kevin Wayne VIBURG, Defendant
Supreme Court Case No. 21SA153 Supreme Court of Colorado.
December 20, 2021
As Modified on Denial of Rehearing January 10, 2022
Attorneys for Plaintiff: Alexis King, District Attorney, First Judicial District, Colleen R. Lamb, Appellate Deputy District Attorney, Golden, Colorado
Attorneys for Defendant: Megan A. Ring, Public Defender, Meredith O'Harris, Deputy Public Defender, Denver, Colorado
En Banc
CHIEF JUSTICE BOATRIGHT delivered the Opinion of the Court. ¶1 In Linnebur v. People , 2020 CO 79M, ¶ 2, 476 P.3d 734, 735, we held that prior convictions are an element of the crime of felony driving under the influence ("DUI"), meaning they "must be proved to the jury beyond a reasonable doubt." We thus reversed the defendant's conviction for felony driving while ability impaired ("DWAI") (a lesser included offense of felony DUI), and we stated that the trial court could resentence him to misdemeanor DWAI on remand if it wished. Id. at ¶ 32, 476 P.3d at 741. But we left open the question of whether double jeopardy barred retrial of the felony DUI charge. Id.
¶2 In this case, we are confronted directly with that unanswered question. We now hold that double jeopardy does not bar retrial because the defendant was not previously acquitted of felony DUI. Hence, we discharge our rule to show cause and remand to the trial court for further proceedings.
I. Facts and Procedural History
¶3 The People charged Kevin Wayne Viburg with driving under the influence with three or more prior alcohol-related traffic offenses—i.e., felony DUI. See § 42-4-1301(1)(a), C.R.S. (2021) (providing that DUI is a misdemeanor, "but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes," for various alcohol-related traffic offenses). Prior to trial, Viburg moved to treat his prior convictions as an element of the crime, which would require the jury to find them beyond a reasonable doubt. The court denied the motion, ruling that Viburg's prior convictions were a sentence enhancer that need only be proved by a preponderance of the evidence at a hearing after a trial on the merits. As a result, evidence of his prior convictions was not introduced to the jury; instead, at trial, the court instructed the jury only on the elements of misdemeanor DUI. The jury then found Viburg guilty of misdemeanor DUI. Subsequently, at a post-conviction hearing, the trial court found by a preponderance of the evidence that Viburg had three prior alcohol-related traffic offenses, and it entered a conviction for felony DUI.
¶4 On direct appeal, a division of the court of appeals reversed. People v. Viburg , 2020 COA 8M, ¶ 1, 477 P.3d 746, 747–48. The division held that prior convictions are an element of felony DUI, meaning they must be presented to the jury and proved beyond a reasonable doubt. Id. The division further stated that if the prosecution sought retrial and Viburg raised a double jeopardy defense, the trial court must rule on the defense; it declined to express an opinion on the merits of the defense. Id. at ¶ 32, 477 P.3d at 752.
¶5 The People sought certiorari review, asking us to determine whether prior convictions were a sentence enhancer or an element of the offense. While the People's petition was pending, we issued our opinion in Linnebur , which mirrored the Viburg division's analysis deeming prior convictions to be an element of felony DUI. Linnebur , ¶ 2, 476 P.3d at 735. However, we too declined to address the merits of any double jeopardy defense that might arise on remand. Id. at ¶ 32, 476 P.3d at 741 ("If, in lieu of resentencing, the prosecution seeks retrial of the felony DUI charge and [the defendant] raises a double jeopardy defense, the trial court must rule on that defense."). We then denied the People's petition for certiorari in Viburg's case.
¶6 On remand, the People sought to retry Viburg for felony DUI. Viburg moved to dismiss the felony DUI charge and asked that the court resentence him for misdemeanor DUI. Specifically, he argued that double jeopardy principles barred the People from retrying him for felony DUI because (1) he was already convicted of misdemeanor DUI, which is a lesser included offense of felony DUI; (2) the prosecution failed to produce evidence of the prior convictions in the first proceeding; and (3) he had already been tried by one jury and could not be tried for one count by two different juries. Viburg further contended that retrial violated Colorado's mandatory joinder statute and that a successive trial would violate his rights to due process and a jury trial.
¶7 The trial court denied Viburg's motion. The court concluded that retrial would not violate double jeopardy because the prior guilty verdict for felony DUI had been set aside on appeal. The court also rejected Viburg's due process and joinder arguments.
¶8 Viburg sought relief under C.A.R. 21, and we issued a rule to show cause.
II. Original Jurisdiction ¶9 We exercise original jurisdiction and grant relief under C.A.R. 21 only when "no other adequate remedy ... is available." C.A.R. 21(a)(1). We deem such relief appropriate, for example, "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, [or] when a petition raises issues of significant public importance that we have not yet considered." People v. Huckabay , 2020 CO 42, ¶ 9, 463 P.3d 283, 285 (alteration in original) (quoting People v. Kilgore , 2020 CO 6, ¶ 8, 455 P.3d 746, 748 ). Indeed, C.A.R. 21 provides relief that is "extraordinary in nature" and "wholly within [this court's] discretion." C.A.R. 21(a)(1). ¶10 The issue in this case—whether double jeopardy and due process preclude a defendant's retrial when their felony DUI conviction was reversed on direct appeal—constitutes a question of significant public importance because (1) it results from a recent decision from this court that clarified how evidence of prior convictions must be treated, (2) it affects a substantial number of cases, and (3) it implicates the constitutional right against double jeopardy.
¶11 We now consider the petition on its merits.
III. Analysis
¶12 We first determine that the de novo standard of review applies. Then, after reviewing double jeopardy jurisprudence, we discuss each of Viburg's claims in turn. We first hold that double jeopardy does not bar retrial because Viburg was not previously acquitted of felony DUI. We next conclude that retrial does not violate Viburg's due process rights. Finally, we reject Viburg's assertion that retrial violates Colorado's mandatory joinder statute. Accordingly, we discharge our rule to show cause and remand to the trial court for further proceedings.
A. Standard of Review ¶13 We review constitutional challenges to sentencing determinations de novo. People v. Johnson , 2015 CO 70, ¶ 9, 363 P.3d 169, 174 ; Lopez v. People , 113 P.3d 713, 720 (Colo. 2005).
B. Double Jeopardy ¶14 The Double Jeopardy Clause of the United States Constitution protects individuals from being "twice put in jeopardy of life or limb." U.S. Const. amend. V. The Colorado Constitution provides the same protection. See Colo. Const. art II., § 18 ("No person shall ... be twice put in jeopardy for the same offense."); People v. Simon , 266 P.3d 1099, 1109 n.10 (Colo. 2011) ("We have previously adopted U.S. Supreme Court double jeopardy jurisprudence as the correct interpretation of Colorado's constitutional provision."). The deeply ingrained purpose of double jeopardy is to prevent "the State with all its resources and power" from repeatedly attempting to convict a defendant, thus "subjecting [the defendant] to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." United States v. Scott , 437 U.S. 82, 87, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). ¶15 The Double Jeopardy Clause protects the accused against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." Brown v. Ohio , 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting North Carolina v. Pearce , 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ). Nevertheless, a second trial may be permitted when "the public's interest in fair trials designed to end in just judgments" is maintained, and the "defendant's interests in having his case finally decided by the [first] jury" is protected. Oregon v. Kennedy , 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (quoting Wade v. Hunter , 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949) ).
¶16 In Colorado, this balance is codified through several statutes, which determine when a second prosecution is and is not barred. A second prosecution is barred for the same offense if the former prosecution (1) "resulted in an acquittal"; (2) "was terminated by a final order or judgment for the defendant that has not been set aside, reversed, or vacated"; (3) "resulted in a conviction ... that has not been reversed or vacated"; or (4) "was improperly terminated." § 18-1-301(1)(a)–(d), C.R.S. (2021). Contrarily, a second prosecution is not barred if the former prosecution: (1) "[w]as before a court that lacked jurisdiction over the defendant or the offense"; (2) "[w]as procured by the defendant without the knowledge of the appropriate prosecuting official"; or (3) "[r]esulted in a judgment of conviction that was set aside, reversed, or vacated upon appeal or in any other subsequent judicial proceeding." § 18-1-304(1)(a)–(c), C.R.S. (2021). ¶17 These statutes reflect the principle that when a conviction is reversed for legal error, rather than evidentiary insufficiency, "it implies nothing with respect to the guilt or innocence of the defendant." Burks v. United States , 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Instead, such a reversal signals that the defendant was convicted through a defective judicial process. Id. As such, the "accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." Id. Thus, where a legal error occurs in the trial court, double jeopardy typically does not bar retrial. Lockhart v. Nelson , 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) ("It has long been settled ... that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside ... because of some error in the proceedings leading to conviction."); see also Rice v. People , 193 Colo. 270, 565 P.2d 940, 942 (1977) (reversing judgment and remanding for new trial due to defendant's failure to personally waive his right to a jury); People v. Ridgeway , 2013 COA 17, ¶¶ 34, 36, 307 P.3d 126, 131 (reversing judgment and remanding for a new trial where the jury was not instructed on an element of the crime). ¶18 In this case, the division reversed Viburg's felony DUI conviction, holding that it was improper because the jury did not find all elements of the crime beyond a reasonable doubt—reasoning we subsequently ratified in Linnebur. Therefore, Viburg's conviction for felony DUI "was set aside, reversed, or vacated upon appeal." See § 18-1-304(1)(c). That is, although Viburg's conviction was overturned, he was never acquitted; rather, the court of appeals deemed the conviction invalid by rejecting the trial court's interpretation of the DUI statute. And so, under section 18-1-304(1)(c), a second prosecution is not barred.
¶19 Conversely, consider People v. Paulsen , 198 Colo. 458, 601 P.2d 634 (1979). In that case we held that "[j]eopardy attaches when ... a judgment of acquittal has been granted" such that "the defendant cannot be tried again on the same charge." Id. at 636. There, the trial court erroneously determined that the statute cited in the charges against the defendant did not define the crime to be charged and subsequently entered a judgment of acquittal. Id. at 635. Although the trial court erred when granting the motion for judgment of acquittal because a different section of the statute provided such a definition, we held that even the erroneous acquittal barred retrial under the double jeopardy clause. Id. at 635–36. But one key fact distinguishes Paulsen from Viburg's case: Here, there was no acquittal. And where the defendant is not acquitted, double jeopardy does not bar retrial.
¶20 Viburg nevertheless maintains that double jeopardy bars his retrial for felony DUI because he already stands convicted of a lesser included offense and because the prosecution failed to present the evidence to the jury. We disagree. ¶21 Where the elements of one offense are a logical subset of another, a criminal defendant is entitled to have the jury instructed on the lesser offense. People v. Rock , 2017 CO 84, ¶¶ 8, 16, 402 P.3d 472, 475–76, 478 ; see also Reyna-Abarca v. People , 2017 CO 15, ¶ 3, 390 P.3d 816, 818. And a defendant cannot "be made to suffer simultaneous convictions for greater and lesser included offenses." Rock , ¶ 11, 402 P.3d at 476. Therefore, a jury can either find the defendant guilty of all the elements, and thus convict them on the greater offense, or, alternatively, the jury could find the defendant guilty of only the subset of elements and thus convict them of the lesser included offense. Id. at ¶ 8, 402 P.3d at 475. By definition, a jury that finds a defendant guilty of a lesser included offense axiomatically acquits them of the greater offense. See e.g., People v. Rigsby , 2020 CO 74, ¶ 1, 471 P.3d 1068, 1071 ("[T]he jury returned a guilty verdict on the lesser included offense of third degree assault ...; in so doing, the jury necessarily acquitted [the defendant] of the charged offense on that count." (emphasis added)). True, a conviction of a lesser included offense would generally mean an acquittal on the greater; the acquittal, however, would only exist where the jury actually considered the greater offense. See Ohio v. Johnson , 467 U.S. 493, 500–02, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). But that is not what happened here. ¶22 Here, the jury didn't acquit Viburg of felony DUI because it never actually considered whether he was guilty of felony DUI. Although the People charged Viburg with felony DUI, the trial court erroneously ruled that Viburg's prior convictions were a sentence enhancer rather than an element of the crime.1 As a result, the prosecution never received the opportunity to present the evidence to the jury, which didn't render a verdict on felony DUI at all. Therefore, that misdemeanor DUI is a lesser included offense of felony DUI has no bearing on whether the prosecution may retry Viburg for felony DUI.
¶23 Accordingly, we conclude that double jeopardy principles don't preclude the prosecution from retrying Viburg for felony DUI.
C. Due Process and Fundamental Fairness
¶24 Viburg next argues that due process and the right to a jury trial preclude his retrial. Again, we disagree. ¶25 Taken together, the Fifth and Sixth Amendments require a "jury verdict finding a defendant guilty of every element beyond a reasonable doubt." Medina v. People , 163 P.3d 1136, 1140 (Colo. 2007). Here, the jury never found the fact of Viburg's prior convictions beyond a reasonable doubt, even though the division subsequently deemed prior convictions to be an element of felony DUI. Relying on Medina , Viburg argues that retrial would violate his due process rights and that the proper remedy is to order resentencing for misdemeanor DUI—the crime of which the jury actually found him guilty.
¶26 But Medina is distinguishable. In that case, the prosecution listed the defendant's charge as a class 4 felony, but the information failed to include an essential element of that charge. Id. Instead, throughout trial, both parties proceeded as though Medina had been charged with a lesser class 5 felony by solely discussing evidence of the elements of that crime. Id. at 1138–39. Yet, following the jury's guilty verdict on that charge, the trial court sentenced Medina to the unproven class 4 felony. Id. at 1139. We determined that the trial court "entered its own conviction and sentence [on the] class 4 felony instead of determining the punishment warranted by the jury's guilty verdict." Id. at 1140. We thus held that the trial court violated Medina's due process rights because it "essentially judged Medina guilty of a new and different crime" without providing Medina adequate notice. Id. at 1141. And without addressing the possibility of retrial, we deemed the error structural and remanded for resentencing on the class 5 felony. Id. at 1141–42. ¶27 Viburg's case is different. The prosecution properly charged him with felony DUI, and the trial court (albeit erroneously) ruled that it could find the fact of his prior convictions in a post-verdict proceeding. See Apprendi v. New Jersey , 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction , any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). But unlike in Medina , Viburg was fully on notice that he was charged with felony DUI and could be convicted of such. Thus, the trial court didn't "essentially judge" Viburg guilty "of a new and different crime." Cf. Medina , 163 P.3d at 1141. Instead, in line with then-valid caselaw, the court simply escalated his sentence under the logic of Apprendi. Therefore, Viburg was not blindsided by the case's outcome like the defendant in Medina ; rather, Viburg was fully on notice of the court's interpretation of the statute and sentencing. Accordingly, we conclude that allowing the prosecution to retry Viburg for felony DUI does not violate his right to due process.2 D. Mandatory Joinder
¶28 Finally, Viburg argues that Colorado's mandatory joinder statute bars a second trial and requires dismissal of the felony charge. Specifically, Viburg relies on section 18-1-408(2), C.R.S. (2021), which requires the district attorney to prosecute all offenses "based on the same act or series of acts arising from the same criminal episode" in a single trial. But the same statute provides that an offense not so joined "cannot thereafter be the basis of a subsequent prosecution." Id. Here, the People did charge Viburg with felony DUI in the original complaint. Therefore, Viburg's reliance on the mandatory joinder statute is unavailing.
IV. Conclusion
¶29 For the foregoing reasons, we discharge our rule to show cause and remand to the trial court for further proceedings.
1 This is not a criticism of the trial court's ruling. Before our 2020 decision in Linnebur , multiple divisions of the court of appeals had reached the same conclusion. See People v. Quezada-Caro , 2019 COA 155, ¶¶ 24, 31, 490 P.3d 507, 513–14 ; People v. Gwinn , 2018 COA 130, ¶¶ 49–50, 428 P.3d 727, 737–38.
2 Relatedly, Viburg argues that retrial is fundamentally unfair. Specifically, he contends that the integrity of the trial process would be undermined by a successive trial and that retrial would give the prosecution a second opportunity to present evidence with the unfair advantage of using his appellate briefing to ensure it meets the burden of proof. However, unlike in Medina , the prosecutor in this case never had the chance to try the prior conviction element. Here, it is fair to allow the People an opportunity to do so now that Viburg's conviction has been reversed on appeal for legal error. See Burks , 437 U.S. at 15, 98 S.Ct. 2141.